# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY D. CARTER,<br><br>                    Plaintiff,<br><br>vs.<br><br><br><br>MICHAEL J. ASTRUE, *Commissioner of Social Security*,<br><br>                    Defendant. | CASE NO. 11-CV-1438-MMA(KSC)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 22]<br><br>**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br><br>[Doc. No. 16]<br><br>**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 20] |

On June 29, 2011, Plaintiff Wendy Carter filed this appeal pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of an adverse final decision of the Commissioner of Social Security. The matter was referred to the assigned magistrate judge for preparation of a Report and Recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1.[1]

---

[1] The responsibility to make a final determination remains with the assigned district judge. *Mathews v. Weber*, 423 U.S. 261 (1976). The district judge is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

1    On February 5, 2011, Magistrate Judge Crawford issued a Report and Recommendation [Doc. No. 22] containing findings and conclusions, upon which she bases her recommendation that the Court deny Plaintiff's motion for summary judgment [Doc. No. 16] and grant Defendant's motion for summary judgment [Doc. No. 20].  No party filed objections to the Report and Recommendation, which set a February 22, 2013, deadline to file objections (14 days from the date of the R&R).  The R&R sets forth in accurate detail the relevant facts and standards of law on this matter, and the Court incorporates such without further recitation.

The duties of the district court in connection with a Magistrate Judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  Where the parties object to a R&R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made."  28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  When no objections are filed, the district court need not review the R&R *de novo*.  *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).  A district judge may nevertheless "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006); *Or. Natural Desert Ass'n v. Rasmussen*, 451 F. Supp. 2d 1202, 1205 (D. Or. 2006).

After reviewing the R&R in its entirety, the Court finds that the Magistrate Judge's conclusions are thorough, well-reasoned, and supported by applicable law.  Accordingly, the Court orders as follows:

1. The Report and Recommendation [Doc. No. 22] is **ADOPTED** in its entirety.
2. Plaintiff's Motion for Summary Judgment [Doc. No. 16] is **DENIED**.
3. Defendant's Cross-Motion for Summary Judgment [Doc. No. 20] is **GRANTED**.
5. The Clerk of Court is instructed to close this matter.

**IT IS SO ORDERED**.

DATED:  February 27, 2013

Hon. Michael M. Anello
United States District Judge